IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| VELMA JEFFERSON, | * |
| Plaintiff, | * |
| vs. | *   No. 3:08CV00024 SWW |
| SECURITAS SECURITY SERVICE, INC., | * |
| Defendant. | * |

ORDER

This employment discrimination lawsuit was dismissed on defendant's motion for summary judgment on January 16, 2009. Defendant filed a motion for bill of costs on January 28, 2009. Plaintiff did not file a timely response.

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The district court has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Rule 54(d). *Zotos v. Lindbergh School Dist.,* 121 F.3d 356 (8th Cir. 1997). Pursuant to § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." *BriscoWade v. Carnahan,* 297 F.3d 781, 782 (8th Cir.2002) (internal quotations omitted); *see also 168th and Dodge, LP v. Rave Review Cinemas, LLC,* 501 F.3d 945, 957 (8th Cir.2007).

Based on the plain language of 28 U.S.C. § 1920, and plaintiff's lack of objection, defendant is clearly entitled to collect the requested $50.00 for the court reporter's fees, the requested $218.50 for a transcript of plaintiff's deposition, and the $34.40 requested for photocopies. The Court will not allow defendant to recover the $5.25 requested for postage because 28 U.S.C. § 1920 does not include the recovery of this cost in its list of recoverable costs. *See Smith v. Tenet Healthsystem SL, Inc.,* 436 F.3d 879, 889 (8th Cir.2006) (cannot recover postage costs).

IT IS THEREFORE ORDERED that defendant's motion for bill of costs [docket entry 60] is granted to the extent that the Court allows defendant costs in the amount of $302.90.

DATED this 12th day of February 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE